UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN D. SNELLING,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. C19-5167-RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 2412(d) |

This matter comes before the Court on plaintiff's "Application for Attorney Fees and Costs." Dkt. #14. On December 4, 2018, after holding an evidentiary hearing, administrative law judge ("ALJ") Malcom Ross issued a decision denying plaintiff's claim for disability benefits. See Dkt. #7 (Admin. Record ("AR")) at 16-27. After the Appeals Council denied review, plaintiff sought review in this Court. Dkt. #3. On October 2, 2019, this Court issued an Order reversing and remanding the Commissioner's denial of benefits. Dkt. #12. On December 26, 2019, plaintiff filed an application for attorney's fees and costs pursuant 28 U.S.C. § 2412(d). Dkt. #14. For the reasons set forth below, plaintiff's motion is GRANTED.

Under the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party other than the United States fees and other expenses. . . incurred by that party in any civil action . . . including proceedings for judicial review of an agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES - 1

award unjust." 28 U.S.C. § 2412(d)(1)(A).[1] "Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person . . . [and] the government's position must have a reasonable basis in both law and fact. " Meier, 727 F.3d at 870 (internal quotation marks omitted) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). In social security disability benefits cases, where an ALJ rejects a claimant's symptom testimony, the ALJ's position is not substantially justified if the ALJ fails to provide clear and convincing reasons for discrediting the claimant's "subjective complaints". See Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008); see also Corbin v. Apfel, 149 F.3d 1051, 1052-53 (9th Cir. 1998).

The government argues that the Commissioner's position was substantially justified because the Court found in favor of the Commissioner on five out of the six issues plaintiff raised. Dkt. #17 at 6. But when determining whether the government was substantially justified for purposes of awarding attorney's fees under 28 U.S.C. § 2412(d), "district courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." Hardisty v. Astrue, 592 F.3d 1072, 1078 (9th Cir. 2010) (citation omitted). Accordingly, attorney's fees and costs should be awarded unless the Commissioner's determination regarding plaintiff's foot pain was substantially justified.

ALJ Ross rejected plaintiff's symptom testimony regarding the "intensity, persistence and limiting effects" of her foot pain symptoms without providing clear or convincing reasons for doing so, and without identifying specifically what evidence undermined plaintiff's complaints. See AR at 23; see also Dkt. #12 at 7-9. ALJ Ross failed to provide "clear and convincing reasons for rejecting" plaintiff's foot pain symptom testimony, and accordingly, the Commissioner's position was not substantially justified.

---

[1] Under the EAJA, the "position of the United States" encompasses both the government's position as a litigator and the underlying agency action giving rise to the civil action. See Meier v. Colvin, 727 F.3d 867, 870-71 (9th Cir. 2013). If "the government's underlying position was not substantially justified, [the Court] need not address whether the government's litigation position was justified." Id. at 872 (citations omitted).

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES - 2

Therefore, the Court HEREBY ORDERS:

1. Plaintiff's "Application for Attorney Fees and Costs" (Dkt. #14), is GRANTED for a total award of $6,037.30, representing $400.00 in costs and $5,637.30 in attorney's fees, pursuant to the EAJA and consistent with Astrue v. Ratliff, 560 U.S. 586 (2010).

2. Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. See id. at 595-98. If it is determined that plaintiff's EAJA fees are not subject to any offset, or if there is a remainder after an offset, the check shall be mailed to plaintiff's counsel, Jeanette Laffoon, at Maddox & Laffoon, P.S., 410-A South Capitol Way, Olympia, WA 98501, pursuant to plaintiff's assignment. See Dkt. #15.

DATED this 3rd day of March, 2020.

*[signature: MM S Lasnik]*

Robert S. Lasnik
United States District Judge